Argued June 20, opinion reversed and remanded August 2, reconsideration denied September 12, petition for review denied October 17, 1978

STATE OF OREGON, *Appellant,*
*v.*
STEVEN RAY LINDENBURGER, *Respondent.*
(No. 77-113 C, CA 10124)
582 P2d 42

Catherine Allen, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Donald R. Crane, Klamath Falls, argued the cause for defendant. With him on the brief was Crane & Bailey, Klamath Falls.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

The state appeals suppression of evidence seized in a search made purusant to a warrant. The warrant was issued pursuant to the taped, sworn statement of a police officer, a transcript of the pertinent portions of which is set out in the margin.[1]

---

[1] "DUANE SIMON: I Duane E. Simon, being first duly sworn, depose and say: that I am a police officer who has served with the Oregon State Police in Klamath Falls, Oregon; that there is reasonable cause to believe that certain property at the following premise, 1739 Etna Street, Klamath Falls, County Klamath, a green color wood frame dwelling, the property referred to or sought to be seized is described as follows: lysergic acid diethylamide, referred to LSD, a dangerous drug, item No. 2 is a ten dollar bill, serial number L23902407B, the property constituting the evidence of a crime tends to demonstrate the offense is being committed, to-wit: criminal activity in drugs, LSD, to-wit: sales of dangerous drugs, LSD. In support of the belief that there is probable cause the following facts are based on my investigation: within the last 48 hours, a confidential reliable informant brought me several small blue tablets with, the confidential reliable informant told me they were LSD, the confidential reliable informant told me that the tablets were purchased at 1739 Etna Street, Klamath Falls, Oregon from a person by the name of Steve. Prior to the purchase, I gave the confidential reliable informant a ten dollar bill, serial number L23902407B with which a purchase, with which to purchase LSD. The confidential reliable informant informed me that the purchase was made in the living room by Steve who had left the living room and went to another room and returned with five small tablets. Steve told the confidential reliable informant that he had more if the confidential reliable informant wanted to purchase any to make a return to the residence for additional purchases. The ten dollar bill described above was used to make the purchase and Steve represented the five tablets to be LSD. I believe that the confidential reliable informant is reliable because in late February the informant gave me information that stolen property was purchased from Carlson Furniture Co. and would be found at a particular address. I want to the address and found a T.V. set, with a positive identification made from a serial number that was stolen from Carlson Furniture.

"JUDGE: This was late February 1977?

"DUANE SIMON: Yes. In late March, the confidential reliable informant gave me tablets the confidential reliable informant identified as speed, subsequent tests proved the tablets contained amphetamine, a dangerous drug. In early April, the confidential reliable informant made a purchase of drugs, based on that purchase, a search warrant was issued and additional drugs were seized, arrest being made. I have been a police officer for the past six years, have attended over approximately six schools for drug identification and use.

The sworn statement is replete with probable cause. However, the officer fails to specify the *date* or *time* of the prior purchase of drugs which serves as the basis for issuing this warrant. Apparently, it was this omission which caused the trial judge to suppress the evidence.

We disagree with the trial judge, and reverse. A common sense reading[2] of the entire sworn statement shows that it is most probable that the informant who purchased the drugs gave them to the officer soon after their purchase, and the drugs had been given to the officer "within the last 48 hours."

Reversed and remanded.

---

"JUDGE: Are the tablets that you obtained from the confidential reliable informant, you've examined those yourself personally?

"DUANE SIMON: Yes, the five small blue tablets purchased from the informant from 1739 Etna Street, have been examined by me, the same tablets appear, from having made observations of purchases over 100 times, to be, in fact, lysergic acid diethylamide.

"JUDGE: Is there anything that is peculiar to the tablets that makes them fairly readily identifiable as a dangerous drug?

"DUANE SIMON: Two things that are that way: is the fact that of the color; the smallness of the tablets; are coarse; the process of which has made; also having tested, field tested similar tablets of the same size referred to as microdot acid as being LSD."

[2] *United States v. Ventresca,* 380 US 102, 108-109, 85 S Ct 741, 13 L Ed 2d 684 (1965).