[No. 2734.    Aug. 30, 1923.]

LOZANO V. ENCINIAS et al. ·

SYLLABUS BY THE COURT

1.  In a suit to recover damages for wrongful arrest and

imprisonment, the burden is upon the plaintiff to establish his mental anguish, anxiety, and shame, as well as his needless expense and trouble as charged in his complaint.

2.  Where the plaintiff in such a suit fails to offer any evidence tending to establish such damages, the court should dismiss his complaint.

Appeal from District Court, Bernalillo County; Owen, Judge.

Action by Francisco Lozano against Rubenson Encinias and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Edward D. Tittmann, of El Paso, Tex., for appellant.

Holt & Sutherland, of Las Cruces, for appellees.

OPINION OF THE COURT

BRATTON, J.  This suit was instituted by the appellant to recover damages in the sum of $3,000, due by reason of his wrongful arrest and imprisonment.

It was charged in the complaint that the appellee, Rubenson Encinias, claimed to be and acted as justice of the peace of Derry precinct in Sierra county, and that the appellee, Alfredo Duran, claimed to be and acted as deputy sheriff of such county; that in truth and in fact neither of such persons held the respective offices they claimed to hold; that on July 21, 1921, the appellee Encinias unlawfully, willfully, wrongfully and maliciously, illegally, falsely, and without justification issued a warrant for the arrest of the appellant; that such warrant was not issued upon the sworn complaint of any person, and that said Encinias had no power in law to issue the same; that such warrant directed the appellee Duran to arrest and bring the appellant before such acting justice of the peace, which was done, and that by reason thereof the appellant suffered mental anguish, anxiety, and shame; that he was put to needless expense and trouble, all of which damaged his reputation.

The appellees pleaded that on July 21, 1921, they

were such justice of the peace and deputy sheriff, respectively; that on such date a complaint duly sworn to by Ed F. Barka was filed with the said justice of the peace; that such complaint sought to charge the appellant and his son, Margarito Lozano, with the crime of arson; that pursuant to the filing of such complaint a warrant was issued and placed in the hands of the appellee Duran, who executed the same by arresting and taking the appellant into custody; that hearing was had and he was discharged for lack of sufficient evidence. Copies of such complaint and warrant, each of which is very inartificially drawn, and does not, in many respects, comply with the provisions of the law, were attached to such answer.

To such answer the appellant directed a demurrer which attacked the sufficiency of said pleading in this respect, that it sought to justify by confession and avoidance the arrest of appellant, and that the facts pleaded affirmatively showed that the appellee Encinias acted beyond his jurisdiction in the issuance of such warrant, and that such warrant which was executed by the appellant Duran was not a legal writ. This demurrer was overruled, whereupon the appellant declined to proceed further with the cause, and his complaint was dismissed, from which this appeal has been perfected.

[1. 2] One question is decisive of the case. The damages alleged by the appellant were specifically denied by the appellees. After his demurrer had been overruled, the appellant elected to proceed no further with the case. He offered no proof whatever; he did not endeavor to prove that he had suffered mental anguish, anxiety, and shame, that he had been put to needless expense and trouble, and that his reputation had been damaged. The burden was upon him to establish these necessary elements by a preponderance of evidence. Having failed to do this, the court correctly dismissed his complaint and rendered the only judgment which could have been rendered, so that the effect

of such criminal complaint and warrant become immaterial to a decision of this case.

The judgment will therefore be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.