395 P.2d 238

John ULIBARRI, Plaintiff-Appellee,

v.

Ruben MAESTAS, Defendant-Appellant.

No. 7441.

Supreme Court of New Mexico.

Sept. 8, 1964.

Matias A. Zamora, Ernest E. Valdez, John E. Conway, Alfonso G. Sanchez, Santa Fe, for appellant.

Patricio S. Sanchez, Santa Fe, for appellee.

MOISE, Justice.

This appeal presents for review a judgment in the amount of $500.00 entered against the defendant, chief of police, for alleged assault and battery and false imprisonment.

After trial, the court made extensive findings of evidentiary and ultimate facts, only part of which we consider necessary to repeat:

"1. On May 8, 1962, Plaintiff's wife filed a criminal complaint against and procured the issuance of a warrant of arrest for Cipriano Padilla.

"2. On May 11, 1962, Plaintiff and his wife went to the Espanola Police Headquarters to inquire and did inquire of the Defendant, Espanola Chief of Police, why the warrant for Mr. Padilla had not been served.

"3. The Defendant, apparently acting under the mistaken impression that he did not have authority to execute a warrant outside of the municipal limits, advised the Plaintiff and his wife that the warrant had not been served because Mr. Padilla was not within the municipality but was in Tierra Amarilla.

"4. During the ensuing discussion, either the Plaintiff or his wife asked that the warrant be delivered to the New Mexico State Police for service and the Defendant asked the Plaintiff and his wife to leave the Police Station as he was busy.

"5. As Plaintiff and his wife were leaving the Police Station, Plaintiff's wife remarked from the outer entrance way, in effect, that the Defendant would not ever arrest her or her husband or any member of her family without a warrant.

"6. Up until this point, Defendant had not arrested, attempted to arrest or threatened to arrest the Plaintiff, nor had Plaintiff done or said anything to justify or provoke his arrest.

"7. The Defendant replied to Mrs. Ulibarri, in effect, that he would arrest her or her husband or a member of her family with or without a warrant any time he considered it proper to do so.

"8. The Defendant understood the Plaintiff to answer from outside the building in response to the Defendant's remark referred to in finding of fact number 7, 'That's what you think'; Plaintiff denied having made such remark.

"9. Thereupon, because he felt 'insulted,' 'abused' and 'aggravated' by the remark that he believed he had heard the Plaintiff make, the Defendant proceeded outside the building and arrested the Plaintiff; took him into the Police Station and placed him in the city jail, physically taking hold of Plaintiff in the process.

"10. The Defendant arrested the Plaintiff because he understood Plaintiff to remark, 'That's what you think' and for no other reason."

The court made certain conclusions of law as a basis for the judgment entered. We copy the following which are crucial in this case:

"2. The Plaintiff did not commit any crime or misdemeanor in the presence of the Defendant.

"3. The Plaintiff did not resist or abuse the Defendant in the execution of his office or in the discharge of his duties.

"4. The Defendant did not apprehend the Plaintiff in the act of commit-

ting any offense against the laws of the State of New Mexico or the ordinances of the Village or Town of Espanola.

"5. Plaintiff had not done or said anything properly subjecting him to arrest or imprisonment.

"6. Plaintiff's having said, 'That's what you think' could not reasonably be construed as interfering with or abusing an officer or disturbing the peace; nor could such remark be reasonably construed as constituting disorderly conduct, or any other criminal offense.

"7. The conduct and language of the Plaintiff in the premises was not sufficient to give rise to a reasonable belief that the Plaintiff had violated or had probably violated any law or ordinance.

"8. There was no showing of 'probable cause' to believe that an offense of any character had been committed by Plaintiff.

"9. The arrest and imprisonment of the Plaintiff by the Defendant without a warrant, under the circumstances here present, was unlawful.

"10. No crime or misdemeanor having been committed by Plaintiff, and there being no circumstance or circumstances indicating probable cause or justifying a reasonable belief that the Plaintiff had committed a crime or misdemeanor in the presence of the Defendant the Defendant's arrest and imprisonment of Plaintiff constituted an unlawful assault on the Plaintiff, for which the Defendant is responsible in damages.

"11. A belief on the part of a police officer that he had the right to arrest a person does not excuse him from the consequences of an unlawful arrest where, as here, no offense has actually been committed and the circumstances do not permit or justify a reasonable belief that an offense has been or probably has been committed. Good faith on the part of the officer does not exonerate him from liability, but may properly be considered on the issue of punitive damages."

The law in New Mexico concerning liability of a police officer when acting in his official capacity is found in Cave v. Cooley, 48 N.M. 478, 152 P.2d 886. That case clearly adopts what it describes as the "majority holding" as announced in Garske v. United States (C.A.8, 1924) 1 F.2d 620, in the following language:

"It is the well-established doctrine now throughout the United States that for a crime, which they have probable cause to believe is being committed in

their presence, though it be a misdemeanor, duly authorized peace officers may make arrest without a warrant. The probable cause which will justify arrest for a misdemeanor without a warrant must be a judgment based on personal knowledge acquired at the time through the senses, or inferences properly to be drawn from the testimony of the senses. * * * The courts very generally hold that an offense is committed within the presence of an officer when his senses afford him knowledge that such is the fact. * * * There must be a probable cause and a reasonable foundation for the judgment of the officer that a crime is being committed."

Also, the following was quoted therein from Ryan v. Conover, 59 Ohio App. 361, 18 N. E.2d 277, 279:

"An officer may arrest a person when circumstances exist that would cause a reasonable person to believe that a crime has been committed in his presence. Section 13432–1, General Code; Bock v. City of Cincinnati, 43 Ohio App. 257, 183 N.E. 119; 6 Corpus Juris Secundum, 595; [Arrest, § 6, p. 595;] 3 Ohio Jurisprudence 140, Section 11. And this is true even though no offense has actually been committed. Consequently no civil liability attaches to

him on account thereof in either circumstance."

The case has been cited and followed in Cherry v. Williams, 63 N.M. 244, 316 P.2d 880, and in State v. Barreras, 64 N.M. 300, 328 P.2d 74.

■■■ Under the facts as found by the court, none of which are directly attacked here, we cannot say that the conclusions reached are not supported. This is true even though the question of probable cause is a question of law, subject to review on appeal. Meraz v. Valencia, 28 N.M. 174, 210 P. 225. Viewing the situation as the trial court did, as detailed in the findings of fact, the conclusion of no probable cause cannot be disturbed by us.

Defendant argues as his second point that the proof does not support a finding of any damage suffered by plaintiff, and that there is no basis in the evidence for the $500.00 awarded. His main reliance is on this court's holding in Lozano v. Encinias, 29 N.M. 82, 218 P. 344, where plaintiff was denied recovery. In that case, plaintiff had demurred to the answer and, upon his demurrer being overruled, failed to introduce any evidence touching on any damages allegedly suffered by him. Having failed to establish any damages in line with the burden of proof which he carried, this court concluded that the judgment entered against defendant was proper.

In the instant case, there is proof of "pushing," "dragging," "hitting of plaintiff's head on the cell bars or walls," resultant pain, together with subsequent medical examinations, and similar items. The court found the damages to amount to $500.00 as compensation for "embarrassment, pain and discomfort, and for the expense of medical care and treatment directly resulting from the acts of the defendant." Placing a money value on such items is admittedly difficult, and there is no fixed standard for measuring pain, suffering and similar elements of damages. Massey v. Beacon Supply Co., 70 N.M. 149, 371 P.2d 798; Mathis v. Atchison, T. & S. F. Ry. Co., 61 N.M. 330, 300 P.2d 482. Nevertheless, where the right to damages has been established, uncertainty as to the amount does not preclude the right to the same. Jackson v. Goad, 73 N.M. 19, 385 P.2d 279. In the instant case the court found injury, pain and suffering and some expenses. No unreasonableness or excessiveness being demonstrated, the attack made under defendant's second point is without merit.

The judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.