STATE OF NEBRASKA, APPELLEE, v.
ERNEST W. CHAMBERS, APPELLANT.

299 N.W.2d 780

Filed December 29, 1980.   No. 43510.

Ernest W. Chambers, pro se.

Paul L. Douglas, Attorney General, Harold Mosher, and Brian C. Bennett for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant was convicted in Lincoln municipal court of operating a motor vehicle at a speed of 69 miles per hour in a 55-mile-per-hour zone and was fined $20 and costs. Upon appeal to the District Court for Lancaster County, Nebraska, the judgment was affirmed. The defendant has appealed to this court and contends the evidence was not sufficient to sustain the judgment and that the trial court erred in allowing the State to rely on Neb. Rev. Stat. § 39-664 (Reissue 1978).

The offense occurred at about 2:15 p.m. on August 24, 1978. The defendant was observed driving a small blue car west on Interstate 80 east of the Waverly, Nebraska, interchange. The defendant was timed by a state patrolman using a mechanical stopwatch in an airplane. The distance traveled was the second "aircraft mile" east of the Waverly exit which was marked by white rectangles painted on the highway. The distance between the rectangles at the east end and west end of the mile was measured with a 300-foot steel tape and determined to be 5,326 feet 5½ inches. The stopwatch was started when the front end of the vehicle was at the east edge of the east rectangle and stopped when the rear end of the vehicle was at the west end of the west rectangle. The elapsed time was 52 seconds. By reference to a table, the patrolman determined that the defendant's average speed was 69.2 miles per hour. The patrolman in the airplane then, by radio, directed patrolmen waiting near the Waverly exit to stop the small blue car. The defendant's car was stopped and he was issued a citation for speeding.

The defendant contends that the evidence was not sufficient to sustain the judgment because there was no proof that the stopwatch had been properly tested and was functioning accurately or that the machine used to test the stopwatch was accurate and reliable, and because the length of the "aircraft mile" was not known in advance.

We believe the foundation evidence was sufficient to allow the State to establish the speed of the defendant's vehicle by use of the stopwatch. The evidence was that Lt. Donald Grieser, the officer flying the airplane, had been trained and certified for clocking ground vehicles from aircraft. The stopwatch had been tested on July 19, 1978, and again on August 25, 1978, and found to be accurate within 1 second per 24 hours or 6/10,000 of a second per minute. Fred A. Wilson, the jeweler who performed the tests on the stopwatch, testified that the stopwatch had been tested on a Vibro-

graph machine which was an accepted method for determining the accuracy of watches. The Vibrograph machine was tested occasionally with another Vibrograph machine and other watches whose timekeeping accuracy was verified by a digital watch or an electric clock.

The distance of the "aircraft mile" was measured on September 2, 1978, 9 days after the offense. Lt. Grieser testified that, so far as he could tell, the white marks in the roadway were in the same place when the distance was measured as they were when the defendant's vehicle was timed on August 24, 1978. In the absence of any evidence to the contrary, this was sufficient to establish the distance on the date of the offense.

At a pretrial hearing on September 20, 1978, the defendant made an oral motion that the court declare § 39-664 unconstitutional. Upon a statement by the deputy county attorney that the State would not rely upon the statute for any purpose, the motion was withdrawn. The defendant now contends that the trial court erred in allowing the State to rely on § 39-664.

Section 39-664 provides as follows: "(1) The speed of any motor vehicle may be determined by the use of radio microwaves or other electronic device. The results of such determinations shall be accepted as prima facie evidence of the speed of the vehicle in any court or legal proceedings when the speed of the vehicle is at issue.

"(2) The driver of any motor vehicle found by use of radio microwaves or other electronic device to be driving in excess of the applicable speed limit may be apprehended:

"(a) If the apprehending officer has observed the recording of the speed of the motor vehicle by the radio microwaves or other electronic device;

"(b) If such apprehending officer has received a radio message from an officer who observed the speed recorded and the radio message (i) has been dispatched immediately after the speed of the motor vehicle was

recorded, and (ii) gives a description of the vehicle and its recorded speed; and

"(c) If the apprehending officer is in uniform or displays his badge of authority."

Section 39-664 permits the use of radio microwaves or other electronic device to determine the speed of a motor vehicle and makes the result of that determination prima facie evidence of the speed of the vehicle. It also contains provisions relating to the use of radio messages in the apprehension of such drivers. The statute has no application in this case because no electronic device was used to determine speed. The speed of the defendant's automobile was determined by use of a mechanical stopwatch.

The defendant argues that the statute was used because Lt. Grieser sent a radio message to Trooper Steven Groshans to stop the defendant's automobile. The difficulty with this argument is that law enforcement officers need no statutory authorization to use ordinary means of communication in carrying out their duties.

Neb. Rev. Stat. § 29-404.02 (Reissue 1979) authorizes any peace officer to arrest a person who commits a misdemeanor in his presence. Although Lt. Grieser was flying at an altitude of 1,800 feet at the time he observed and timed the defendant's automobile, the offense was committed in the presence of Groshans and the other officers. See *State v. Cook*, 194 Kan. 495, 399 P.2d 835 (1965). An officer making an arrest may rely upon the collective knowledge of all the officers involved in the case. See, *State v. Anderson*, 204 Neb. 186, 281 N.W.2d 743 (1979); *State v. Aden*, 196 Neb. 149, 241 N.W.2d 669 (1976); *Poindexter v. Wolff*, 403 F. Supp. 723 (1975) *aff'd* 540 F.2d 390 (1976).

The record shows that the arrest was proper and the evidence was sufficient to sustain the judgment. The judgment is, therefore, affirmed.

AFFIRMED.