705 P.2d 170

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Roy Adilio MARQUEZ, Defendant-Appellee.**

**No. 8134.**

Court of Appeals of New Mexico.

Aug. 1, 1985.

Paul G. Bardacke, Atty. Gen., Barbara F. Green, Ass't Atty. Gen., Santa Fe, for plaintiff-appellant.

Janet Clow, Chief Public Defender, Deborah A. Moll, Ass't Appellate Defender, Santa Fe, for defendant-appellee.

OPINION

BIVINS, Judge.

The state appeals, pursuant to NMSA 1978, Section 39–3–3(B)(2), from an order of the district court suppressing evidence. The correctness of the suppression order turns on whether defendant's warrantless arrest was proper. The sole issue on appeal is whether Officer C lawfully arrested defendant at the request of Officer B who acted at the request of Officer A who witnessed defendant commit a misdemeanor in his presence. This presents in a somewhat different context the same issue decided by this court today in *State v. Lyon,* Ct. App.No. 8215 (Filed August 1, 1985). In *Lyon* we held that the misdemeanor arrest rule announced in *Cave v. Cooley,* 48 N.M. 478, 152 P.2d 886 (1944), that a duly authorized peace officer may make a warrantless arrest for a misdemeanor offense if the officer has probable cause to believe the offense is being committed in his presence, is extended so as to permit, under the "police-team" qualification, a second officer not present when the misdemeanor was committed, to make the arrest. Applying this rule to the facts of the case before us, we hold that the arrest was lawful and that the evidence obtained as a result may be admitted. Accordingly, we reverse.

Officer Greg Sanchez (identified as Officer A in the framed issue), while patrolling in a marked police car, observed a crowd watching two women fighting. He stopped his unit, approached the crowd, announced he was a police officer (he was dressed casually in jeans), and attempted to stop the fight. At this point pushing took place

between the officer and defendant. According to the officer, someone pushed him from behind and said he would "take care of it." The officer identified that person as defendant. Greg Sanchez identified himself as a police officer and showed defendant his badge at defendant's request. The officer then turned his attention back to the women and did not arrest defendant.

According to defendant he was trying to separate the women when someone pulled him from behind. Defendant said he pushed back but did not know who he was pushing. The person was not in uniform and defendant said he had not seen any police car. At this point Greg Sanchez identified himself as an officer and at defendant's request showed him his badge.

The officer told defendant, "you're going to jail." Defendant became frightened and left the area to avoid arrest. He "slipped into the crowd" and started to walk away, trying to be "unconspicuous." After he reached the rear of an adjacent service station, defendant started to run.

A second officer, Quintana (Officer B in the issue statement), arrived on the scene, and Greg Sanchez pointed to defendant and told Quintana to arrest him. Quintana radioed to Officer Eloy Sanchez (Officer C) to arrest defendant. The arrest was made. Neither Quintana nor Eloy Sanchez knew the reason for the arrest. When defendant was transported to the detention center and searched, heroin and drug paraphernalia, which forms the basis of the instant charges, were found on his person.

After hearing the testimony of Officer Greg Sanchez and defendant, the district court found:

1. Officer Eloy Sanchez of the Albuquerque Police Department did not have probable cause to arrest Roy Marquez on the 10th day of January, 1984;

1A. Officer Greg Sanchez did not place Defendant under arrest.

2. The heroin and drug paraphernalia that were seized by the Albuquerque Police Department from Roy Marquez on the 10th day of January, 1984 were seized as a result of the Defendant being

taken into custody by Officer Eloy Sanchez;

3. Statements made by Roy Marquez to officers of the Albuquerque Police Department were made after Roy Marquez was taken into custody by officer Eloy Sanchez.

Based on those findings, the district court suppressed the heroin, drug paraphernalia and any statements made by defendant after he was taken into custody by Officer Eloy Sanchez.

The state contends that Officer Greg Sanchez had probable cause to arrest defendant for a variety of felonies and misdemeanors, while defendant argues that this officer had no probable cause to arrest him for any crimes. We reject the state's argument as to possible felonies as a basis for the arrest. This was not raised below or in the docketing statement. *See State v. White*, 94 N.M. 687, 615 P.2d 1004 (Ct.App. 1980).

As to defendant's contention that there was no probable cause for any crime, the trial court made no explicit finding as to this issue. Officer Greg Sanchez testified that had he arrested defendant at the scene of the fight it would have been for disorderly conduct, a misdemeanor. *See* NMSA 1978, § 30–20–1 (Repl.Pamp.1984). Although the question of probable cause is one of law, *Ulibarri v. Maestas*, 74 N.M. 516, 395 P.2d 238 (1964), it has been recognized that there may be factual determinations which will have to be made before the legal question can be answered. *Cf. State v. Rhea*, 93 N.M. 478, 601 P.2d 448 (Ct.App. 1979). Thus, depending on which story the district court wished to believe, it could have found a basis for probable cause to arrest for disorderly conduct or obstruction, or no basis at all.

We need not, however, remand for a factual determination because defendant admitted that he committed the misdemeanor offense proscribed by NMSA 1978, Section 30–22–1(B) (Repl.Pamp.1984), by intentionally attempting to evade an officer when he knew the officer was attempting

to arrest or apprehend him. Defendant decided to leave the scene to avoid arrest. In *State v. Luna*, 93 N.M. 773, 606 P.2d 183 (1980), the supreme court held that an arrest is not invalidated because the officer gave the wrong reasons for the arrest, provided the misdemeanor charge must be based on facts known to the officer at the time of the arrest, and the offense must have been committed in his presence. Even if the district court could have found no basis for the disorderly conduct misdemeanor, by analogy the requirements with respect to the attempting to evade have been met.

■ This then brings us to the misdemeanor warrantless arrest rule laid down in *Cave*. In *Lyon* we said:

> [w]hen a misdemeanor is committed in the presence of a police officer and information of such is promptly placed on the police radio or otherwise communicated and a description of the misdemeanant given, the arrest of the misdemeanant by another police officer within a reasonable time of receipt of the information is valid.

In so holding, we adopted the "police-team" qualification to the "in the presence of" requirement. We now apply that same approach to the case before us.

A number of states have adopted this rule. In addition to *Robinson v. State*, 4 Md.App. 515, 243 A.2d 879 (1968), relied on by this court in *Lyon*, and *Prosser v. Parsons*, 245 S.C. 493, 141 S.E.2d 342 (1965); *see Howes v. State*, 503 P.2d 1055 (Alaska 1972); *State v. Coustenis*, 233 A.2d 449 (Del.Super.Ct.1967); *State v. Cook*, 194 Kan. 495, 399 P.2d 835 (1965); *Commonwealth v. McDermott*, 347 Mass. 246, 197 N.E.2d 668 (1964); *State v. Chambers*, 207 Neb. 611, 299 N.W.2d 780 (1980); *State v. Standish*, 116 N.H. 483, 363 A.2d 404 (1976); and *State v. Bryant*, 678 S.W.2d 480 (Tenn.Cr.App.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 967, 83 L.Ed.2d 971 (1985).

In *Robinson*, the officer viewed a misdemeanor storehouse breaking by four people who all left the scene in different directions. Other officers, upon the request of the viewing officer, arrested the ones the viewing officers could not chase. *Bryant* involved a high-speed chase. The chasing officer lost his target but, upon radio request, another officer stopped him. *Bryant* said, in language that is applicable to all cases:

> [I]n light of the increased speed with which offenders may flee from a witnessing officer and modern communications techniques available to the police, an offense may be said to have been committed in the presence of the arresting officer if he is in communication with and is assisting the witnessing officer.

That statement applies to the case before us.

For the reasons stated, the order suppressing evidence is reversed, and the case remanded to district court for further proceedings.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.