800 P.2d 206

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Steve WISDOM, Defendant–Appellee.**

**No. 12005.**

Court of Appeals of New Mexico.

Aug. 28, 1990.

Certiorari Denied Oct. 17, 1990.

Hal Stratton, Atty. Gen., Margaret Mc-Lean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

H.R. Quintero, Robinson & Quintero, P.C., Silver City, for defendant-appellee.

## OPINION

DONNELLY, Judge.

The state appeals from an order of the district court suppressing evidence obtained pursuant to multiple search warrants. The single issue raised on appeal is whether the district court erred in granting the motion to suppress. We reverse.

Defendant was charged with multiple counts of possession of controlled substances; receiving, retaining or disposing of stolen property; and possession of firearms by a felon. He moved to suppress the evidence obtained by police during separate searches conducted pursuant to five different search warrants. It is undisputed that the third, fourth, and fifth search warrants were issued pursuant to information obtained incident to the execution of the first and second warrants and that the affidavits in support of the issuance of the first and second search warrants contained the same identical facts.

Defendant's motion to suppress attacked the sufficiency of the affidavits submitted to obtain the search warrants on the ground that the facts in the affidavits did not establish probable cause. *See* N.M. Const. art. II, § 10; SCRA 1986, 5–211(E); *State v. Cordova,* 109 N.M. 211, 784 P.2d 30 (1989). Specifically, defendant argued that the affidavits, which were based in part on hearsay provided by unnamed informants, were deficient because they did not inform the issuing magistrate "of some of the underlying circumstances from which the informant concluded that [the facts were as] he claimed they were, and some of the underlying circumstances from which the officer concluded that the infor-

mant * * * was 'credible' or his information 'reliable.'" *State v. Cordova*, 109 N.M. at 213, 784 P.2d at 32 (quoting *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964)). The district court agreed and suppressed all the evidence seized pursuant to the warrants, except a scale.

The state contends that the question of whether probable cause existed for the issuance of the warrants constitutes a question of law, and thus this court is not required to defer to the determination of the district court. Defendant, however, contends that the issues in this case are purely factual and this court is required to affirm the district court's ruling if it is supported by substantial evidence in the record. Defendant relies on *State v. Lopez*, 109 N.M. 169, 783 P.2d 479 (Ct.App. 1989). In this case, however, both the district court and this court are engaged in the same exercise: a review of the sufficiency of the affidavits submitted to the magistrate court judge in support of the affidavits in question. Under these circumstances, both the district court and this court must give those affidavits a common sense reading and determine whether the magistrate court judge was entitled to find probable cause. *See State v. Snedeker*, 99 N.M. 286, 657 P.2d 613 (1982). Based upon a review of the affidavits in question, it is clear that the issues presented in reviewing these affidavits involve legal rather than factual issues.

■ New Mexico Constitution article II, Section 10, provides, in part, that "[n]o warrant * * * shall issue * * * without a written showing of probable cause, supported by oath or affirmation." Probable cause requires a showing of the existence of facts which would lead a judge or magistrate, acting in a neutral capacity and as a prudent person, to reasonably believe that evidence relating to the commission of a crime exists on the premises requested to be searched. *State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App.1983).

The substantial evidence standard of review is used to review factual determinations of the trial courts. *State v. Lopez.*

Under this standard of review, the reviewing court views the evidence in the light most favorable to the initial factual determination, resolving all conflicts in the evidence and indulging all inferences in favor of the trial court's factual determination. *Id.; see also State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). This standard of review recognizes that the determination of facts frequently necessitates drawing inferences from the facts presented and determining the credibility of witnesses. *See State v. Anderson*, 107 N.M. 165, 754 P.2d 542 (Ct.App.1988). However, a reviewing court is not bound by a lower court's conclusions of law. *Boone v. State*, 105 N.M. 223, 731 P.2d 366 (1986). *See also Martinez v. Martinez*, 93 N.M. 673, 604 P.2d 366 (1979).

In this case, the initial factual determination underlying the issuance of the several search warrants was made by the magistrate court based upon the affidavits submitted by law enforcement officials. Thus, the district court, like this court, acted as a reviewing court and is required to defer to factual determinations made by the magistrate. Here, the parties agree that the only facts the magistrate could consider were the facts contained in the affidavits, therefore, the matters contained in the affidavits are the controlling facts on appeal. *See Aguilar v. Texas; State v. Duran*, 90 N.M. 741, 568 P.2d 267 (Ct.App.1977). Under the record herein, the only factual issues incident to this appeal involve those inferences which the issuing magistrate may reasonably draw from the facts set out in the affidavits. *See State v. Cordova*, 109 N.M. at 218, 784 P.2d at 37. In reviewing the sufficiency of an affidavit for issuance of a search warrant, the determination of probable cause by the issuing magistrate is entitled to deference. *Id.; State v. Snedeker. See also State v. Cervantes*, 92 N.M. 643, 593 P.2d 478 (Ct.App. 1979). *Cf. State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974) (listing the standards for the sufficiency of search warrants). However, the ultimate question of whether the contents of the affidavit are sufficient is a conclusion of law. *Cf. Ulibarri v. Maestas*, 74 N.M. 516, 395 P.2d 238

(1964) (question of probable cause for arrest without warrant is a question of law); *State v. Anderson* (question of probable cause to search without a warrant is question of law); *State v. Marquez,* 103 N.M. 265, 705 P.2d 170 (Ct.App.1985) (probable cause to arrest without warrant is question of law).

Both the district court in ruling on a motion to suppress and this court on appeal conduct the same type of review of an affidavit in support of a search warrant issued by the magistrate court. As observed in *Snedeker:*

> When reviewing affidavits in support of search warrants, a magistrate, and an appellate court, must consider the affidavit as a whole. All direct and circumstantial evidence alleged, as well as all reasonable inferences to be drawn from those allegations, should be considered. A material fact need not be proved by direct evidence. It is sufficient if there is evidence from which the fact can properly be inferred. [Citations omitted.]

*Id.* 99 N.M. at 290, 657 P.2d at 617.

Under the above rules, we look to whether the facts and inferences contained in the affidavit, as a matter of law, constitute probable cause as defined in Rule 5–211(E) and the New Mexico Constitution for issuance of the search warrants in question.

Five search warrants were issued in this case. Four warrants authorized the search of property located near the intersection of County Roads B013 and B014 in Deming, and one search warrant authorized the search of property located at 1210 South Silver Street in Deming. The same affidavit was submitted in support of the application to obtain each search warrant. The affidavit reads as follows:

1. The affiant, Robert Jones, detective of Deming Police Dept. with six years law enforcement experience, of which the past four years have been with the Deming New Mexico Police Dept, conducting investigations of violations of controlled substances and burglaries, under oath do make the following statements:

2. During the month of June 1989, it was discovered that several items have been stolen from the Deming Packing plant located on U.S. 70–80 East.

3. Several of these items have reportedly been removed by Benny Mathis and Joe Aiello. These items have been passed to other individuals including Jimmy Mathis.

4. On at least three seperate [sic] occassions [sic] the affiant has received information that metal and equipment from the D–Pac burglaries are currently being stored at the Steve Wisdom property south of Deming, New Mexico that is located near the intersection of County Road B013 and B014.

5. On at least 2 occassions [sic] affiant has received information that Wisdom has stored several different types of controlled substances that include cocaine, meth-amphetamine, and other controlled substances. On these occassions [sic] affiant has received information that the items are currently being stored at the Wisdom property south of Deming and at his father's residence located at 1210 S. Silver Street, Deming New Mexico.

6. Affiant has received information that there is [sic] currently several pieces of copper tubing and aluminum from Deming Packing at the Wisdom residence located at 1210 S. Silver St. and that there is currently being stored on the Wisdom property located south of Deming, a Toledo meat scale that was removed from the D–Pac plant.

7. On 6/26/89 affiant talked to the caretaker of D–Pac, Skeeter Williams. Williams checked and found that a Toledo scale was missing from D–Pac. The description matched that scale which [sic] the informant says is on the Wisdom property.

8. On 6/26/89 it was also learned that Jimmy Mathis has stored his trailer at the Wisdom property. Mathis is currently imprisoned at La Tuna Federal Correctional Facility on various charges including sale and transportation of controlled substances.

9. The above items have been seen at the above locations within 48 hours of this affidavit.

10. The informants used in this affidavit have been known to affiant to be reliable having given information on at least three occassions [sic] which [sic] has lead [sic] to siezures [sic] of controlled substances and recovery of stolen property and/or arrest of suspects.

11. The affiant feels that if a search warrant is not granted the above items will be disposed of or destroyed and that the items would be material evidence that a crime has or will be committed.

12. One of the informants stated that they [sic] overheard the defendants talking about a burglary they commited [sic] at D–Pac where several pieces of equipment scrape [sic] were stolen and then stored at various locations around the county, some of it being stored and other pieces being sold.

Defendant argued in the district court that the facts contained in the affidavit failed to provide sufficient information concerning either the credibility of the informant or the basis of the informant's knowledge. The district court found the affidavit insufficient to meet the requirements of Rule 5–211(E).

The sufficiency of the facts contained in an affidavit in support of a search warrant are judged by the requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *State v. Cordova*. Under *Cordova*, the test is composed of two elements: (1) whether the affidavit contains sufficient facts indicating the basis for affiant's knowledge, and (2) whether the affidavit sets forth sufficient facts indicating the veracity of the informant. *See also* R. 5–211(E).

Defendant argues that the district court's ruling suppressing the evidence was correct, because, among other things, there was no showing that informants had a proper basis for the statements contained in the affidavit for search warrant. In reviewing this contention, we look first to the sufficiency of the hearsay statement standing alone and then to whether the facts corroborated by the police cured the claimed deficiencies in the affidavit. *State v. Cordova*, 109 N.M. at 217, 784 P.2d at 36. The second requirement of *Cordova* requires that the affidavit present facts establishing the adequacy of the informant's basis of knowledge. Defendant, in a paragraph by paragraph analysis of the affidavit, argues that the affidavit does not specifically establish the basis of the informant's knowledge. Defendant points out the affidavit does not explain when the officer received the information referred to in paragraphs 4, 5, and 6, or from whom the officer received the information, or the basis of the informant's knowledge. Defendant also argues that the affidavit failed to provide the magistrate with sufficient facts to enable the court to exercise the independent judgment required for the issuance of a warrant. *See Aguilar v. Texas; State v. Cordova*.

The state, however, asserts that the affidavit, when read as a whole, clearly indicates that the reports of the informants are based on seeing the stolen items at the locations indicated and on overhearing the conversation referred to in paragraph 12. The state also contends that both sources of evidence involve information acquired directly by the informants rather than through rumor circulating in the community. We agree. Affidavits in support of search warrants are to be read as a whole and given a nontechnical construction. *State v. Perea*. When the language of the affidavit can be interpreted in two different ways, the issue is whether the issuing court or magistrate could reasonably infer facts that would support the determination of probable cause. *State v. Cordova*.

Rule 5–211(E) requires that the facts set forth in the affidavit for a search warrant establish that the informant is a credible person or that there is specific reason to believe that the informant was truthful in providing the information to law enforcement. *State v. Therrien*, 110 N.M. 261, 794 P.2d 735 (Ct.App.1990). The spe-

cific reason to believe that the informant was truthful on the particular occasion could be either that the statement was satisfactorily corroborated by independent law enforcement investigation or that the statement of the informant was against the informant's penal interest. *See id.*

■ The state argues that paragraph 10 of the affidavit is sufficient to establish the credibility of the informants in this case. Defendant argues that the paragraph is not sufficient because it does not indicate how many informants there are, or when or to whom they gave the information in the past. In addition, defendant points out that the paragraph does not clearly indicate whether each informant had previously given the officer information on three occasions, or whether the informants considered as a group had collectively given information to the officer on three previous occasions.

■ We agree with the state. As observed in *State v. Perea,* 85 N.M. 505, 513 P.2d 1287 (Ct.App.1973), affidavits for search warrants are frequently drawn by lay persons in the often pressured atmosphere accompanying criminal investigations. As long as the affidavit meets the requirements identified in *Cordova,* technical requirements of elaborate specificity have no place. *Id.* We think an issuing magistrate could reasonably infer from paragraph 10 of the affidavit, together with the other matters recited therein, that each of the informants whose information was included in the affidavit had supplied the officer with correct information relating to a criminal investigation on at least one prior occasion. *See State v. Cordova; State v. Cervantes.* Moreover, the facts relating to credibility are sufficient, even though the affidavit does not indicate when the informant gave the information. Also, we believe that a fair reading of the affidavit suggests that the prior reliable information was provided to law enforcement officers; even if the affiant learned of the informant's statements second-hand from other officers, it is unnecessary for the affidavits to recite that the affiant knows a fellow officer to be reliable. *See State v.*

*Cordova.* Because we hold that paragraph 10 and the remainder of the affidavit is sufficient to support the magistrate's issuance of the search warrant and necessarily his determination as to the informants' credibility, we need not address the state's other arguments concerning corroboration.

Read in a common-sense, non-technical manner, the affidavit indicates the following: (1) that equipment, scrap metal, and a Toledo meat scale were stolen from the Deming Packing Co. during June of 1989; (2) that some of the metal, equipment, and the scale that had been stolen from the packing company had been seen by one of the informants at the rural property within the last forty-eight hours; (3) that copper tubing and aluminum stolen from the packing company, as well as controlled substances, had been seen by one of the informants at the Silver Street property within the last forty-eight hours; (4) that one of the informants had overheard defendant talking with Joe Aiello, Benny Mathis, or both of them about stealing equipment and scrap metal from the Deming Packing Co. and about storing and disposing of the stolen items. We also conclude that the issuing magistrate could reasonably infer that the informants referred to in the affidavit had themselves seen the stolen items and controlled substances at the specific locations and had heard the conversation referred to in paragraph 12 of the affidavit. Thus, we determine that the information contained therein adequately indicated the basis for the informants' knowledge, and we need not address the parties' arguments concerning corroboration of the information.

For the reasons given above, the district court's order suppressing all the evidence except the scale is reversed.

IT IS SO ORDERED.

MINZNER, J., concurs.

HARTZ, J., specially concurring.

HARTZ, Judge, specially concurring.

I join in the opinion of the court. I write separately, however, because this case illustrates so well how a little extra training

and effort could greatly improve affidavits for search warrants in this state. A search of a residence is a profound intrusion on privacy. The procedures for obtaining authorization for such intrusions deserve more attention than they seem to be getting. Moreover, time and energy expended on improving affidavits will be amply compensated by reducing the time and energy expended in litigation concerning the sufficiency of affidavits.

If our common-sense interpretation of the affidavit in this case is correct, then it would not have been open to serious challenge if it had stated explicitly what we have inferred. Checklists could help eliminate imprecision and other defects in affidavits. Perhaps the District Attorneys Association, the Attorney General, or the Law Enforcement Academy could provide each law enforcement agency with a checklist with which to prepare and review all affidavits for warrants. In addition, assistant district attorneys should be available, and should be contacted by law enforcement officers, whenever an application for a warrant is contemplated. A half-hour of attorney's time in the preparation of an affidavit can save hours of litigation time later.

Also, the day should be long gone when magistrates either rubber stamp search warrants or review affidavits on a take-it-or-leave-it basis. Magistrates, who should have their own checklists (perhaps provided by the Administrative Office of the Courts), should consider questioning officers submitting affidavits, with necessary clarifications being inserted, under oath, in the affidavits.

Finally, affiants should specifically identify the source of every item of information. If every time the affiant said, "The affiant has received information," the affiant instead had to say, "Informant A provided information to affiant," many problems would disappear, or at least would become apparent soon enough to avert future difficulty.