Argued November 14, reversed and remanded December 11, 1968

## STATE OF OREGON, *Respondent, v.*
## LEE ANNE SCHEIDEMANN,
*Appellant.*

448 P. 2d 358

*M. Chapin Milbank,* Salem, argued the cause for appellant. With him on the briefs were Brown, Schlegel, Bennett & Milbank, Salem.

*Stephen A. Hutchinson,* Eugene, argued the cause for respondent. On the brief were John Leahy, District Attorney, and John Moore, Deputy District Attorney, Eugene.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction of the crime of illegal possession of narcotics.

The sole assignment of error is the trial court's refusal to suppress evidence (marijuana) seized under a warrant which defendant contends was not supported by an adequate affidavit. The affidavit read as follows:

"STATE OF OREGON )
) ss.
County of Lane )

"AFFIDAVIT FOR SEARCH WARRANT

"I, Guy D. Mattoon, having been duly sworn on oath hereby depose and say as follows:

"That I am a member of the Eugene, Oregon, Police Department and that in connection with my duties as a Detective Sergeant with the Eugene Police Department I have had occasion to investigate the possession and sale of narcotic drugs and dangerous drugs by Michael Sigari of 1764½ Columbia Street, Eugene, Oregon.

"That in the course of my investigation I have utilized the services of Jay Milligan and Ted Tolliver, both deputy sheriffs from Multnomah County, Oregon, who have been operating as undercover investigators in the vicinity of the University of Oregon campus, Eugene, Oregon, for the past several months.

"That on March 1, 1967 Mike Sigari sold to Jay Milligan and Ted Tolliver a plastic bag containing the narcotic drug marijuana for the sum of $12 and advised them that he was in possession of additional marijuana and was going to make additional deliveries of the narcotic drug to other people on that same evening.

"That on March 11, 1967 Jay Milligan and Ted Tolliver contacted Mike Sigari at the Psychedelic Poster Shop located on 40 East 11th Avenue, Eu-

gene, Oregon, at which time Sigari advised them that he could provide additional amounts of the narcotic drug marijuana. That Sigari entered an automobile operated by Jay Milligan and directed them to a point one-half block from the residence of 1444½ Hilyard Street in Eugene, Oregon. That your informants observed Mike Sigari leave their vehicle and proceed toward 1444½ Hilyard Street, Eugene, Oregon and then observed him reappear ten minutes later with a brown paper bag containing two plastic bags of the narcotic drug marijuana which were then transferred to Jay Milligan and Ted Tolliver for the sum of $24.

"That your affiant has received additional information from a confidential informant on March 7, 1967 who advised that Jon Wu, who operates the Psychedelic Poster Shop at 40 East 11th Avenue, Eugene, Oregon, and Mike Sigari were keeping quantities of the narcotic drug in the apartment located at 1444½ Hilyard Street, Eugene, Oregon. That the address of 1444½ Hilyard Street is an apartment and that it is presently listed with the Eugene Water and Electric Board as being in the name of Linda McCarl.

"That based on the foregoing information your affiant has probable cause to believe that the narcotic drug marijuana is located at the address of 1444½ Hilyard Street, Eugene, Oregon.

"WHEREFORE, your affiant prays this court for its warrant for the search of the apartment at 1444½ Hilyard Street, Eugene, Oregon, together with any outbuildings and vehicles located on said premises for the narcotic drug marijuana.

"/s/ Guy D. Mattoon

"Subscribed and sworn to before me this 14th day of April, 1967.

"/s/ William D. Beckett

DISTRICT COURT JUDGE"

It will be observed that the affidavit was not made until 34 days after the last occurrence of the facts relied upon therein. In *State v. Ingram,* 251 Or 324, 445 P2d 503, 505 (1968) we held defective an affidavit made on February 6 reciting that heroin was obtained from a house on January 9. We said "[h]eroin is easily disposable and transportable and its presence on January 9 would not afford any strong basis for believing that it was present on the premises a month later." The same can be said concerning the marijuana in the case at bar. In some respects the affidavit before us indicates a greater likelihood that the evidence sought by the police would not be at the place designated. The affidavit discloses that the apartment sought to be searched was listed with the Eugene Water and Electric Board in the name of Linda McCarl. This would suggest the possibility of an even greater transiency in the use of the premises in connection with the sale of the narcotics than that indicated by the affidavit in *State v. Ingram* which disclosed that the premises sought to be searched were occupied by the person thought to be in possession of the heroin.

It is argued that the affidavit before us indicates that more than one sale was made near the premises described and that therefore the magistrate could infer that sales from the same premises would continue and thus the marijuana would still be located at the premises at the time the warrant was sought. The affidavit refers to two specific sales, one on March 1 and another on March 11. The only other information revealed by the affidavit is the statement on March 7 of an informer (not shown by the affidavit to be reliable) to the effect that Jon Wu and Mike Sigari

"were keeping quantities of the narcotic in the apartment located at 1444½ Hilyard Street."

This information does not constitute a basis for assuming that marijuana would continue to be cached at 1444½ Hilyard Street for the purpose of making sales as long as a month later. Where the affidavit recites that the suspect himself is the occupant of the premises and that from time to time he has made illegal sales on the premises, there is more reason to infer that the practice will continue and that a subsequent search would reveal an illegal possession of the goods being sold. But even in such a case, we have held that a time lapse of slightly less than a month made the search unreasonable. *State v. Ingram, supra.*

We hold that the affidavit is defective and that the search was illegal.

The judgment is reversed and the cause is remanded for a new trial.