566 P.2d 426

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Lupe GARCIA, Defendant-Appellee.**

No. 2822.

Court of Appeals of New Mexico.

May 17, 1977.

Rehearing Denied May 31, 1977.

Writ of Certiorari Denied June 23, 1977.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jack Smith, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

This appeal by the State involves the legal sufficiency of an affidavit for a search warrant. The trial court granted defendant's motion to suppress the evidence seized in the search pursuant to the warrant. It did so on the basis that the information recited in the affidavit was stale and therefore did not supply probable cause for issuance of the warrant. We discuss: (1) reliability of information supplied to the judge issuing the warrant, (2) staleness of the information in the affidavit, and (3) reliability of the informants.

*Reliability of the Information Supplied to the Judge*

 The appeal was originally assigned to the "Legal" calendar on the basis that "staleness" would be determined by the affidavit contained in the district court file. Defendant moved for reassignment of the case to the "Limited" calendar, claiming that the staleness issue had been determined on the basis of evidence presented at the suppression hearing. After hearing argument on the motion to reassign, there was a question as to whether the trial court had tried the truthfulness of the affidavit. Our concern was based on *State v. Baca*, 84 N.M. 513, 505 P.2d 856 (Ct.App.1973). Ac-

cordingly, we granted the motion and reassigned the case to the "Limited" calendar. See N.M.Crim.App. 207(b) and (c).

In *Baca*, supra, defendant contended that he had a right to challenge the truthfulness of the allegations in the affidavit. *Baca* points out that the decisions in other states are in conflict as to when such attacks are permissible. *Baca* states:

"Although we incline to the view that an attack is permissible if the claim is that the allegations are perjurious, we do not decide the question of when attacks should be allowed. Whenever other jurisdictions have allowed an attack, it has been directed to the truthfulness of the affiant's allegations. In this case, defendant did not attack the truthfulness of the statements made by the officers who signed the affidavit; the attack was on the truthfulness of the information received from an informer."

The transcript of the suppression hearing shows that there was no attack on the truth of the affiant's allegations. Accordingly, the question of when such attacks should be allowed is not an issue in this case.

*Staleness of the Information in the Affidavit*

 The affidavit sought a warrant to search a described premises, and the defendant, for heroin and paraphernalia used in connection with heroin. The affidavit sets forth information that the affiant officer received from three informants. The affidavit recites that informant I "has personally purchased heroin from the above subject at above premises the latest being approximately one month ago."

Defendant relies upon this one-month delay to support his contention of no probable cause because of stale information. The significance of this time factor depends on whether there was an isolated transaction or a continuing series of events. *United States v. Johnson*, 461 F.2d 285 (10th Cir. 1972); *United States v. Harris*, 482 F.2d 1115 (3rd Cir. 1973). See footnote 9 in *Andreson v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976); footnote 2 in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). As stated in *State v. Austria*, 524 P.2d 290, 294 (Haw.1974):

"If there is a reasonable basis in the affidavit for the conclusion that the criminal activity alleged by the informer is of a continuing, ongoing nature, the passage of time between the informer's last observations of that activity and the issuance of the warrant is less significant than when no such showing is made in the affidavit."

The affidavit contains a reasonable basis for concluding that defendant was engaged in criminal activity of a continuing, ongoing nature. The affidavit recites:

1. Informant I last observed heroin sales by defendant at the described premises between August 10 and September 10, 1976.

2. Informant I had been at the described premises on numerous occasions, and on those prior occasions defendant had heroin for sale. Also, that informant I had seen heroin on the premises on numerous occasions.

3. All three informants, independently of one another, state that defendant uses heroin and needs heroin daily to supply his habit. These statements were based either on the informant's personal observations or admissions by defendant.

The foregoing shows a continuing activity in connection with heroin up to the date of the affidavit, which was September 10, 1976.

Affidavits are to be read with common sense. *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, supra; *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974). The above information was sufficient for the judge who issued the search warrant to conclude there was a probability of criminal conduct. *State v. Bowers*, supra. The affidavit does not show stale information.

*Reliability of the Informants*

■ Defendant asserts that one cannot base probable cause on the continuing conduct recited in the affidavit. He asserts that the continuing conduct supplied by the informants cannot be considered because the reliability of the informers is not shown. Once the continuing conduct is eliminated, defendant asserts the only information left to support probable cause is a one-month-old purchase by one informer. We disagree.

Although *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976) does not refer to *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, supra, it does follow the approach used in *Harris*. That approach is to determine whether there was a substantial basis for believing there is a factual basis for the information furnished. In this case the question is whether there is a substantial basis for believing the information received from the informants was based on fact rather than rumor or speculation.

Here, we have informant I's purchase of heroin (See *State v. Archuleta*, 85 N.M. 146, 509 P.2d 1341 (Ct.App.1973)), his past observations of heroin on the premises and his observations of sales from the premises during the month prior to issuance of the search warrant. We also have all three informants stating, either on the basis of personal observations or admissions from the defendant, that defendant is a daily heroin user. The affiant also states that the informants have provided information in the past which led to the arrest of several persons for possession and trafficking in heroin. See *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723, supra. The judge who signed the warrant could conclude from the foregoing that the informants were reliable.

Defendant complains of other statements in the affidavit. We need not consider them. The statements in the affidavit discussed in this opinion show a substantial basis for believing the informants.

The trial court erred in granting the motion to suppress on the basis that the information in the affidavit was stale. The order granting the motion is reversed. The cause is remanded with instructions to deny the motion to suppress.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.