Argued August 19, reversed and remanded October 16, reconsideration denied November 16, Sup Ct rev denied December 12, 1978, 284 Or 521

STATE OF OREGON, *Appellant,*
*v.*
DONALD ED BLACK AND JOANNE
ELIZABETH BLACK, *Respondents.*
(Nos. J77-2808, J77-2809, CA 10890)
585 P2d 44

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Richard A. Cremer, Assistant Public Defender, Roseburg, argued the cause and filed the brief for respondent Donald Black. With him on the brief was

Melvin E. Smith, Roseburg, attorney for respondent Joanne Elizabeth Black.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

The state appeals an order entered prior to trial suppressing evidence seized pursuant to a search warrant. ORS 138.060(3).

The trial judge suppressed the evidence in question because, in his view, the facts alleged in the affidavit in support of the search warrant were too stale to justify issuance of the warrant. We disagree, and reverse.

The affidavit is set out in the margin.[1] Given a

---

[1] "I, Michael J. Nores, first being sworn on oath, depose and say:

"(1) That I am and have been a police officer for five years and am now employed by the Douglas County Sheriff's Office as a Deputy Sheriff;

"* * * * *

"(3) That my belief is based upon the following *facts*: That within the last 36 hours I have made contact with confidential reliable informant #1, which informant told me that Donald Black was and is a large supplier of drugs in the Roseburg area, that said informant #1 had delt [sic] with Donald Black in illegal drugs on numerous occasions over the last 1 to 2 years. That said informant related that he has been at Donald Black's residence, on the left hand side of Mulholland Street, Roseburg, Oregon, which is the west side of the street, on a regular and frequent basis amounting to at least once per week over the last 7 to 8 months. That on every occasion that informant #1 has been to the Black residence said informant has observed illegal drugs. The informant has related to me observing cocaine, marijuana, "crank" (known to me to be the street name for amphetamine), and "smack" (known to me to be the street name for heroin). That the informant related that the cocaine and "crank" is normally kept in the icebox in the kitchen of the Donald Black residence and that the marijuana is normally kept under a sofa in the living room. That said informant has observed other individuals in the Donald Black residence over the last 7 to 8 months who were dealing in drugs with the said Donald Black. That the informant related to me that the last occasion the informant was at the Donald Black residence was approximately 3 to 4 weeks ago.

"That I believe the informant to be experienced in the identification of illegal drugs. The informant has related to me that he has used cocaine, "crank," Marijuana and the informant has told me that Donald Black has told the informant that the drugs observed in the residence of Donald Black are the aforementioned illegal drugs. That said informant has drawn a diagram of the part of the Donald Black residence with which he is familiar and said diagram is attached hereto as exhibit #1. That said informant #1 has informed me that on numerous occasions the informant has not called Donald Black before

commonsenses reading,[2] the affidavit establishes that defendant Donald Black is and has been for a long period of time a large supplier of drugs in the Roseburg area, so much so that a confidential reliable informant could state that there were various kinds of drugs in Black's house on each occasion the informant visited the premises over a seven to eight month period. The visits were weekly. The last visit by the informant was "three to four weeks ago."

With respect to the amount of time which will turn otherwise sufficient evidence stale, "[n]o permissible or reasonable time lapse can be specified. Whether the lapse of time is deemed to have been so long that it reasonably cannot be inferred that contraband is present at the premises will depend upon all the circumstances." *State v. Ingram,* 251 Or 324, 327, 445 P2d 503 (1968).

Defendants rely on *State v. Scheidemann,* 252 Or 70, 448 P2d 358 (1968). Neither that case nor *State v. Ingram, supra,* also relied upon by defendants, involved the intensity of drug-related activity found here. In *Scheidemann,* the lapse in time was 34 days, only two sales were involved (only one of which was directly connected with the premises to be searched), and the premises were not occupied by the person making the sales. In *Ingram,* the lapse of time was 29 days, the premises in question were occupied by a known narcotics user, but there had only been a single sale.

---

going to the residence of Donald Black but that Donald Black has always had illegal drugs available at the residence.

"That I believe said informant to be reliable for the reason that said informant has supplied members of the Douglas County Sheriff's Office with information leading to the arrest of three individuals and the clearing of four criminal cases. Said information was given to Det. J. Urbaniak of the Douglas County Sheriff's Office, and ex-deputy Sheriff Douglas Schruth and those two individuals within the last 24 hours have told me that the information supplied by the informant was accurate. * * *"

[2] *United States v. Ventresca,* 380 US 102, 85 S Ct 741, 13 L Ed 2d 684 (1965); *State v. Lindenburger,* 35 Or App 623, 582 P2d 42 (1978).

[ 616 ]

The facts in the present case are far stronger. The suspect himself occupied the premises. The inference was overwhelming that he had been and still was in the drug-selling business. The length of time covered by the informant's information and the frequency of the informant's contacts make the possibility that defendant had gone out of the drug business very remote. The warrant was properly issued and the evidence should not have been suppressed.[3]

Reversed and remanded.

---

[3]Defendants also argue that the affidavit was insufficient because the information supplied by the informants numbered 2 and 3 was not reliable. We do not consider this question because, in our view, the information provided by the primary confidential reliable informant was more than sufficient to supply probable cause.