632 P.2d 1207

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gerry Dean POWELL and Pam Powell, Defendants-Appellants.**

**No. 5071.**

Court of Appeals of New Mexico.

Aug. 11, 1981.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

We granted defendants' motion for interlocutory appeal after the trial court denied their motion to suppress. We reverse.

On December 3, 1980, a magistrate issued a warrant to search defendants' home and travel trailer. The affidavit recited, in its first six numbered paragraphs, that on December 2, 1980 the defendants were charged by Texas officials for illicit drug transactions. The transactions, according to the affiant, ran from May 25, 1980 through June 18, 1980, at which time defendants sold controlled substances to two individuals in Coke County, Texas. The affidavit additionally recited that those two individuals from Coke County, Texas came to Carlsbad, New Mexico and purchased methamphetamines from defendants sometime in May 1980.

The affidavit does not establish the reliability of the information given. However, because paragraph 8 recited that the information was received by the affiant from narcotics agents for the Department of Public Safety of the State of Texas, and the affidavit elsewhere stated that the State of Texas had issued warrants for the arrest of the defendants based on those allegations, the New Mexico magistrate could reasonably rely on the information given by the Texas agents. *State v. Martinez*, 94 N.M. 436, 612 P.2d 228 (1980); *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

Paragraph 7 concluded: "The affiant has reason to believe, due to the afore-mentioned transactions, that the defendants have in their possession controlled substances which the defendants intend to sell as well as on the above described premises, vehicles, and trailers."

The issues posed are whether the possession and sale of contraband in May and June of 1980 create acceptable probable cause that the defendants possessed the contraband four months later, and whether other information contained in the affidavit meets the test of reliability. We examine whether the information relied on was too stale to show possession. *See State v. Garcia*, 90 N.M. 577, 566 P.2d 426 (Ct.App. 1977).

In examining the affidavit, it appears that, aside from the information given by the Texas narcotics agents, the only additional facts supplied to the magistrate for issuance of the search warrant were:

10) The above mentioned trailer is occupied by the defendants at this time. The affiant did observe vehicles reg-

istered to the defendants and a man and a woman fitting the description as given by agents Don Bush and Tom Finley of the Department of Public Safety of the State of Texas.

11) The defendants have been observed by the affiant and the Agent Sam Garcia of New Mexico State Police in the company of known users of controlled substances.

12) The defendants did use the abovementioned car in El Paso, Texas sometime in September 16 through 17, 1980 to deliver a controlled substance, Methamphetamine, to Karen Fuson.

We do not think that these three paragraphs refute the staleness claim. Paragraphs 10 and 11 are based on the firsthand observation of the affiant, but add nothing to suggest current possession of contraband by the defendants. Paragraph 11 does not specify a time when the affiants were seen in the company of known users of controlled substances; Paragraph 12 recites distribution of controlled substance from September 16 through September 17, 1980, but nothing in the affidavit shows the source of this information or its reliability. *Compare State v. Brown*, 96 N.M. 10, 626 P.2d 1312 (Ct.App. 1981).

The State urges that the issuance of an arrest warrant in Texas on December 2nd answers the argument that the December 3rd search warrant issued in New Mexico was based on stale information. The State confuses issuance of an arrest warrant for crimes committed in the past with the prohibition against issuing a search warrant on stale information. The former interacts with statutes of limitations, whereas the latter requires a showing of probable cause that the contraband be presently possessed by the suspect. Nothing in the facts of this case show "a continuing series of events," to overcome the claim of staleness. *See State v. Garcia, supra.* On the contrary, the activity, according to the reliable information in the affidavit, ended in June, 1980.

It is our opinion that there was insufficient current and reliable information given to the magistrate to establish probable cause that the defendants possessed controlled substances in December 1980. Accordingly, the denial of defendants' motion to suppress is reversed.

It is so ordered.

HERNÁNDEZ C. J., and HENDLEY, J., concur.