878 P.2d 1001

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Wallace O'KELLEY, Defendant–Appellant.**

**No. 14356.**

Court of Appeals of New Mexico.

Feb. 17, 1994.

Certiorari Denied June 17, 1994.

Tom Udall, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

D. Scott Riedel, Riedel & Lamberton, Santa Fe, for defendant-appellant.

## *OPINION*

HARTZ, Judge.

In *State v. Hoeffel,* 112 N.M. 358, 359–61, 815 P.2d 654, 655–57 (Ct.App.), *cert. denied,* 112 N.M. 279, 814 P.2d 457 (1991), the defendant in a criminal case tried to support his claim of innocence by offering into evidence a favorable paragraph from a letter opinion by the judge in a civil lawsuit involving the same events. We affirmed the district court's exclusion of the evidence, holding that the opinion was inadmissible hearsay. In the present case it was the State who sought to use evidence of the outcome of a prior trial to prove a matter determined at that trial. Following *Hoeffel* we hold that the district court erred in admitting evidence of the jury verdict against Defendant in a prior criminal trial because the evidence was used for a hearsay purpose and did not satisfy the requirements of the exception to the hearsay rule set forth in SCRA 1986, 11–803(V). We therefore reverse Defendant's conviction for vehicular homicide. We also briefly address other issues raised by Defendant that are not mooted by the reversal.

## I. BACKGROUND

Defendant was charged with driving while intoxicated (DWI), *see* NMSA 1978, § 66–8–102 (Repl.Pamp.1987), and vehicular homicide, *see* NMSA 1978, § 66–8–101 (Repl. Pamp.1987), as a result of the death of his passenger in an automobile accident on September 3, 1989. The vehicular homicide statute states in pertinent part:

A. Homicide by vehicle is the killing of a human being in the unlawful operation of a motor vehicle.

. . . .

C. Any person who commits homicide by vehicle ... [1] while under the influence of intoxicating liquor or [2] while under the influence of any drug or [3] while violating Section 66–8–113 NMSA 1978 [reckless driving] is guilty of a third degree felony. . . .

The State relied exclusively on the first means set forth in Section 66–8–101(C) for establishing the offense. The jury was instructed that for it to find Defendant guilty of vehicular homicide, the State must prove that Defendant "operated a motor vehicle while under the influence of intoxicating liquor[.]"

In May 1990 at Defendant's first trial the jury found Defendant guilty of DWI but was unable to reach a verdict on the charge of vehicular homicide. The district court did not enter a judgment on the DWI verdict. After this Court ruled that a retrial on the charge of vehicular homicide would not subject Defendant to double jeopardy, *State v. O'Kelley,* 113 N.M. 25, 822 P.2d 122 (Ct. App.), *cert. quashed,* 113 N.M. 24, 822 P.2d 121 (1991), a second jury trial was conducted in September 1992.

The principal issue raised on this appeal is whether it was proper for the State to use the jury verdict in the first trial as evidence at the second trial to establish that Defendant had been driving while intoxicated. The question of the admissibility of the DWI verdict initially arose at a pretrial conference. At the conference the State requested that Defendant sign a stipulation that he had been convicted of DWI in an earlier proceeding. Defendant refused, arguing that such a stipulation would diminish the State's burden of proving all the elements of the offense of vehicular homicide. The State countered that if Defendant refused to stipulate, it would offer into evidence a certified copy of the verdict form from the first trial.

At trial Defendant again objected to any use of the prior verdict. He argued that because no final order had been entered on the verdict, he had not been able to appeal from the verdict. The State responded that Defendant was barred by the doctrine of collateral estoppel from relitigating the issue of whether he had been driving while intoxicated.

The district court stated that the evidence was admissible and that it proposed to take judicial notice of the verdict in order to lessen the prejudicial impact of the evidence on Defendant. It rejected, however, the State's contention that collateral estoppel applied,

saying that the jury should consider any evidence from Defendant that he had not been driving while intoxicated. Although Defendant agreed to the manner of presentation of the evidence (through judicial notice rather than introduction of a certified copy of the verdict form), he continued to object to the admissibility of the evidence.

The court then announced to the jury that Defendant had been found guilty of DWI in a prior proceeding. At the close of trial the court instructed the jury as follows:

> Without requiring testimony or other evidence, the court has taken notice that [Defendant] was convicted of driving under the influence on the night of the event in question. You may, but are not required to, accept this as a fact.

Defendant did not object to the instruction.

On appeal the State does not urge the application of collateral estoppel. The issue therefore is simply whether the verdict was admissible evidence that Defendant had been driving while intoxicated. We hold that it was not. A preliminary question that must be answered is whether Defendant preserved in district court the ground upon which we find the admission of the verdict to be error. We first address the merits, however, because an understanding of the merits is necessary to an understanding of the preservation issue.

## II. ADMISSIBILITY OF PRIOR VERDICT

▮ As we noted in *Hoeffel,* 112 N.M. at 360, 815 P.2d at 656, the use of a judgment as evidence of a fact determined by the judgment constitutes hearsay evidence. In the present case the declarant was the jury in the first trial. The first jury in essence stated that Defendant was driving while intoxicated. That statement by the jury was offered by the State to prove the truth of the matter asserted. *See* SCRA 1986, 11–801 ("'Hearsay' is a statement, other than one made by the declarant while testifying at the

trial or hearing, offered in evidence to prove the truth of the matter asserted."). Although *Hoeffel* recognized that some authorities do not view such evidence as hearsay, 112 N.M. at 360, 815 P.2d at 656, the New Mexico Rules of Evidence have adopted the proposition that it is. The list of exceptions to the hearsay rule includes Rule 11–803(V), which at the time of Defendant's trial permitted the admission of:

> **Judgment of previous conviction.** Evidence of a final judgment, entered upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one (1) year, to prove any fact essential to sustain the judgment, but not including, when offered by the state in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused.

This exception would serve no purpose unless evidence of a judgment is hearsay when it is used "to prove any fact essential to sustain the judgment."

Having recognized that the evidence here constituted hearsay, the next question is whether the evidence was admissible under any exception to the hearsay rule. We find no applicable exception.

Rule 803(V) did not apply for two reasons. First, a judgment in a criminal case came within the exception only if it was entered upon a plea of guilty.[1] There was no guilty plea here, only a jury verdict. Second, the rule required a "final judgment." But no judgment was entered on the verdict in the first trial until Defendant's second trial was concluded.

▮ Another possible exception is SCRA 1986, 11–803(H), which states:

> **Public records and reports.** Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth
>
> (1) the activities of the office or agency,

---

**1.** Effective for cases filed on or after December 1, 1993, the words "entered upon a plea of guilty" in Rule 803(V) were amended to read "entered after a trial or upon a plea of guilty." 1994 Advance Annotation & Rules Service (Dec.

1993). Thus, a jury verdict may now come within this hearsay exception. *See* Fed.R.Evid. 803(22) (hearsay exception applies to both jury verdicts and guilty pleas).

(2) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or

(3) in civil actions and proceedings and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Paragraph (3) arguably could apply to jury verdicts. It provides an exception for certain "factual findings resulting from an investigation made pursuant to authority granted by law." Perhaps a jury verdict could be viewed as a factual finding by a jury which investigates the charge, although ordinarily one does not think of a jury trial as an "investigation." Nevertheless, paragraph (3) does not apply to evidence offered by the State in a criminal case, so it could not be relied on here. As for paragraphs (1) and (2), paragraph (1) would apply only to the jury's report of its own activities and paragraph (2) would apply only to matters directly observed by the jury. Indeed, the fact that paragraph (3) specifically addresses findings made through investigations shows that paragraphs (1) and (2) do not cover that topic—that is, they do not apply to matters determined only through inquiries.

On the other hand, one might draw a contrary view of the applicability of Rule 803(H) from our opinion in *State v. Gallegos*, 91 N.M. 107, 111–12, 570 P.2d 938, 942–43 (Ct.App.1977). That opinion held that certified copies of verdicts and judgments were admissible under Rule 803(H) (which at that time was Rule 803(8)) at a hearing to determine whether the defendant was a habitual offender. *Gallegos*, however, although superficially similar to this case is readily distinguishable. What the state needed to prove in *Gallegos* was that the defendant had been convicted of a crime and, if challenged, that the conviction met certain constitutional requirements. In habitual-offender proceedings the issue is not whether the defendant was in fact guilty of the crime charged. If it

were, then the defendant would be permitted to put on evidence of innocence in defense of a habitual-offender charge. Thus, the verdicts and judgments were not used in *Gallegos* for the hearsay purpose that the State used them for in this case—as evidence that the defendant had committed the criminal act of which he was found guilty. The evidentiary purpose of the verdicts and judgments in *Gallegos* was solely to establish matters occurring at the trials themselves—the fact of the convictions and, perhaps, the constitutional regularity of the proceedings. The holding in *Gallegos* that Rule 803(H) could apply in that circumstance is not contrary to our ruling that the verdict in Defendant's first trial was not admissible under Rule 803(H) as evidence that Defendant had been driving while intoxicated. *Cf. State v. Urioste*, 94 N.M. 767, 769, 617 P.2d 156, 158 (Ct.App.) (evidence that alleged co-conspirator pled guilty to conspiracy was inadmissible hearsay—no discussion of Rule 803(H)), *cert. denied*, 94 N.M. 806, 617 P.2d 1321 (1980).

■ We now address whether Defendant preserved the issue for appeal. This is a close case. Defendant never contended that the evidence was hearsay and never referred to Rule 803(V). Yet, he argued vigorously that evidence of the verdict was inadmissible because no appealable judgment had been entered. This was a proper ground for objection, because the exception to the hearsay rule provided by Rule 803(V) applies only to a "final judgment." We therefore find that Defendant adequately preserved this ground for appeal.

## III. SUFFICIENCY OF THE EVIDENCE

■ Defendant contends that the State presented insufficient evidence at his second trial that he was driving while intoxicated. If Defendant is correct, then a third trial on the charge of vehicular homicide would be prohibited because it would subject Defendant to double jeopardy. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Defendant's argument is that the evidence other than the prior verdict was insufficient to establish the DWI element of vehicular

homicide. This argument is based on the erroneous assumption that only admissible evidence can be considered when reviewing the sufficiency of the evidence. The correct rule is that when determining whether retrial is barred because there was insufficient evidence of guilt at the trial from which the appeal is taken, the appellate court considers all of the evidence admitted, even that evidence which it holds was admitted improperly. *See Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); *State v. Post,* 109 N.M. 177, 181, 783 P.2d 487, 491 (Ct.App.1989). Consequently, the evidence of the prior verdict must be considered in determining whether there was sufficient evidence that Defendant had been driving while intoxicated. In our view the evidence of the verdict was sufficient to establish the DWI element of the offense of vehicular homicide. We should also note that there was evidence that Defendant had stated to a police officer shortly after the accident that he was drunk, had been drinking "way too much," and was too drunk to be driving.

We conclude that retrial of the charge of vehicular homicide is not barred.

## IV. PROSECUTORIAL MISCONDUCT

Finally, Defendant contends that his convictions on both charges should be set aside because of prosecutorial misconduct at his first and second trials. We need not consider Defendant's contentions with respect to the second trial, because he is entitled to a new trial on the vehicular-homicide charge anyway.

■ The alleged prosecutorial misconduct at the first trial consisted of improper closing argument and the failure to disclose to Defendant the results of a blood-alcohol test of the driver of the other vehicle involved in the fatal accident. We find no reversible error arising from the prosecutor's closing argument. There may, however, be some merit to Defendant's contention regarding the failure to disclose. We assume, without deciding, that this failure constituted prosecutorial misconduct. Nevertheless, the misconduct does not entitle Defendant to relief. He does not contend that the prosecutorial misconduct prejudiced his defense of the DWI charge, the only charge on which he was convicted at the first trial. He therefore does not seek to set aside the DWI conviction on the ground of this prosecutorial misconduct. Rather, Defendant contends that the prosecutorial misconduct deprived him of the opportunity to obtain an acquittal at the first trial on the charge of vehicular homicide. Based on that contention, he concludes that the charge of vehicular homicide should be dismissed with prejudice.

Dismissal with prejudice would not be the appropriate remedy for the alleged prosecutorial misconduct at the first trial. The misconduct did not implicate double-jeopardy concerns. *See State v. Day,* 94 N.M. 753, 756–58, 617 P.2d 142, 145–47 (retrial is barred when prosecutor engages in misconduct designed to require mistrial and thereby prevent an acquittal), *cert. denied,* 449 U.S. 860, 101 S.Ct. 163, 66 L.Ed.2d 77 (1980). Nor was the misconduct such that it would always prevent Defendant from receiving a fair trial. *See State v. Chouinard,* 96 N.M. 658, 660–63, 634 P.2d 680, 682–85 (1981) (dismissal of charge may be required if State improperly destroys or loses evidence that may be helpful to defense), *cert. denied,* 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed.2d 447 (1982). So long as there would be nothing unfair about a retrial, the remedy for error in the first trial is not dismissal of the charge with prejudice. *See State v. Saavedra,* 108 N.M. 38, 41, 766 P.2d 298, 301 (1988). The alleged prosecutorial misconduct at the first trial does not require dismissal with prejudice of the charge of vehicular homicide.

## V. CONCLUSION

We reverse the conviction of vehicular homicide and remand for a new trial. We affirm the conviction of driving while intoxicated.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.