This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

 Plaintiff-Appellee,

v.                                                                                              **No. 35,577**

**DONALD TEMPLETON**,

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant has appealed from the denial of a motion to dismiss on double jeopardy grounds. We previously issued a notice of proposed summary disposition in

which we proposed to uphold the district court's decision. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3} Defendant continues to argue that retrial should be barred as a result of the loss of portions of the record of the metro court proceedings. [MIO 2-6] As we previously observed, the district court's decision to reverse the conviction and remand for a new trial is well supported. *See State v. Moore*, 1975-NMCA-042, 87 N.M. 412, 534 P.2d 1124 (arriving at a similar conclusion under analogous circumstances); *and see also Manlove v. Sullivan*, 1989-NMSC-029, ¶ 10 fn. 1, 108 N.M. 471, 775 P.2d 237 (applying the *Moore* factors).

{4} In his memorandum in opposition Defendant argues that this case is distinguishable because the record was lost as a result of a technical malfunction or judicial error, rather than error on the part of the court reporter. [MIO 2-3] Defendant contends that this is a material distinction, because the situation effectively precluded him from investigating and pursuing any claim of deliberate misconduct. [MIO 3-6] We are unpersuaded. The district court remanded for an evidentiary hearing, in the

course of which the original metro court judge recused so that he could appear as a witness. [RP 85, 90, 101-03, 105] Under the circumstances, Defendant was at liberty to investigate and pursue any theory he may have deemed appropriate. As a practical matter, we note that there appears to have been no basis for any assertion of deliberate misconduct. [RP 177] Defendant's suggestion that less constrained inquiry into internal communications might have uncovered evidence of intentional misconduct is rank speculation. [MIO 3] Defendant offers no basis for any motivation on the part of the metro court judge to tamper with the record, and we reject Defendant's suggestion that misconduct should be inferred. [MIO 5] We therefore decline to hold that retrial should be categorically barred.

{5}     Defendant further argues that a different analysis and outcome is warranted in this case insofar as "loss of the record precludes [him] . . . from arguing insufficiency of the evidence on appeal." [MIO 2, 4] However, the only portions of the metro court record that were lost were bench conferences involving evidentiary issues; the remainder of the proceedings were duly recorded. [RP 114-15] As such, the sufficiency of the evidence could readily have been challenged, if Defendant wished to do so. The absence of the sidebar discussions, which bore upon questions of admissibility, would have no bearing on this, insofar as all evidence is taken into consideration when reviewing for sufficiency. *See State v. Lovato*, 1994-NMCA-042,

¶ 12, 118 N.M. 155, 879 P.2d 787 ("[W]hen determining whether retrial is barred because there was insufficient evidence of guilt at the trial from which the appeal is taken, the appellate court considers all the evidence admitted, even that evidence which it holds was admitted improperly." (internal quotation marks and citation omitted)). We therefore remain unpersuaded.

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**