This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39749**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISSIE WAQUIE,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Yvette K. Gonzales, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Harrison & Hart, LLC
Nicholas Thomas Hart
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from her conviction for driving while under the influence of intoxicating liquor. Defendant has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant continues to argue that there was insufficient evidence to support her conviction. Specifically, Defendant contends that the evidence presented at trial was insufficient to show that Defendant drove a vehicle. [MIO 2] Defendant argues that the in-court identification by the only witness who testified that she saw Defendant driving was insufficient because: (1) during a pretrial interview, the witness stated she would

not be able to recognize Defendant if she saw her at a grocery store, and (2) the prosecutor asked Defendant by name to take off her mask and move closer to the camera for identification purposes during the virtual trial. [MIO 2, 3-4] Defendant cited no authority to support her assertion that the witness's identification of Defendant in this case was insufficient. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue.").

**{3}**     When considering sufficiency of the evidence, reviewing courts consider all evidence, even improperly admitted evidence. *See State v. O'Kelley*, 1994-NMCA-033, ¶ 16, 118 N.M. 52, 878 P.2d 1001 ("The correct rule is that when determining whether retrial is barred because there was insufficient evidence of guilt at the trial from which the appeal is taken, the appellate court considers all of the evidence admitted, even that evidence which it holds was admitted improperly."). Therefore, our review of the record shows that Defendant's trial was supported by substantial evidence.

**{4}**     Defendant also continues to argue that there was insufficient circumstantial evidence to show that Defendant was driving under the influence of alcohol because there was evidence presented that the accident could have been caused by a flat tire, that Defendant's physical characteristics that could have been caused by alcohol use could have instead been physical symptoms resulting from the accident or previous head injuries, and that Defendant could have drank alcohol during the time in between when she drove and when the police arrived. [MIO 8-9] However, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Furthermore, this Court "does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314; *see also State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence."). As such, we conclude there was sufficient evidence presented at trial demonstrating that Defendant drove under the influence of alcohol.

**{5}**     Defendant maintains her assertion that the trial court found her guilty based on an improper standard. [MIO 9] Defendant, however, has not presented any additional facts, authority, or argument in her memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by*

*statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{6}** For the reasons stated above and in our notice of proposed summary disposition, we affirm Defendant's conviction.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**